UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY DITCH<br><br>Plaintiff,<br><br>v.<br><br>MELISSA OSKROBA, STEPHANIE POSEY, HENRY GLEAMZA, and DAN LENTINO,<br><br>Defendants. | Case No. 2023-cv-16466 |

## NOTICE OF REMOVAL

Defendants, MELISSA OSKROBA, STEPHANIE POSEY, HENRY GLEAMZA, and DAN LENTINO (hereinafter "Defendants"), by and through their attorneys, Nikoleta Lamprinakos and Elena B. Roper of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., hereby remove Case No. 2023 LA 001162 from the Circuit Court of DuPage County, Illinois, Eighteenth Judicial District, to the United States District Court for the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. Sections 1331, 1441 and 1446, and as grounds for its removal state as follows:

1. On November 2, 2023, Plaintiff, GREGORY DITCH (hereinafter "Plaintiff") filed a Complaint against the Defendants, alleging that the Defendants violated his constitutional rights pursuant to 42 U.S.C. Section 1983.

2. The Complaint purports to assert four causes of action:

    a. Count I against the Defendants – Slander and Libel pursuant to 740 ILCS 145/0.01;

    b.    Count II against the Defendants – Fourteenth Amendment Violation – 42 U.S.C. Section 1983 – Willful and Wanton State Law Execution or Enforcement of Laws – Individual and Conspiracy Liability;

    c.    Count III against the Defendants– Fourteenth Amendment Violation – 42 U.S.C. Section 1983 – Execution or Enforcement of Laws – Individual and Conspiracy Liability;

    d.    Count IV against the Defendants – Fourteenth Amendment Violation – 42 U.S.C. Section 1983 – Interference and Conspiracy Liability/ Failure to Intervene;

**I.    28 U.S.C. Section 1331.**

3.    The United States District Court for the Northern District of Illinois has jurisdiction pursuant to 28 U.S.C. Section 1331 as Counts II through IV involve civil actions arising under the United States Constitution and the laws of the United States.

4.    The federal statute authorizing supplemental jurisdiction provides in pertinent part:

> …[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). For supplemental jurisdiction to be found, both the state and federal claims must derive from a "common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

5.    In this case, all claims against all defendants arise from a "common nucleus of operative facts" and thus this Court can exercise supplemental jurisdiction over the state law claims.

## II. All Procedural Requirements for Removal have been Satisfied.

6. Pursuant to 28 U.S.C. Section 1446(a), a true and correct copy of all the process, pleadings, orders, and documents from the case before the Circuit Court of DuPage County that have been served upon the Defendants are being filed with this Notice of Removal as Exhibit A.

7. This Notice of Removal has been filed within 30 days of the date that the Complaint was served on the Defendants. Service was affected on the defendants as follows: (1) Henry Gleamza – November 8, 2023; (2) Dan Lentino – November 11, 2023; (3) Melissa Oskroba – November 14, 2023; and (4) Stephanie Posey – November 15, 2023. Removal is therefore timely in accordance with 28 U.S.C. Section 1446(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. Sections 1441(a) and 1446(a) because the U.S. District Court for the Northern District of Illinois, Eastern Division is the federal district court embracing the Circuit Court of DuPage County, where the Complaint was originally filed.

9. All the Defendants consent to removal.

WHEREFORE, Defendants, MELISSA OSKROBA, STEPHANIE POSEY, HENRY GLEAMZA, and DAN LENTINO, remove this matter pursuant to 28 U.S.C. Sections 1331, 1441 and 1446.

Respectfully submitted,

MELISSA OSKROBA, STEPHANIE POSEY, HENRY GLEAMZA, and DAN LENTINO

By: s/ Nikoleta Lamprinakos
Nikoleta Lamprinakos
One of Their Attorneys

Nikoleta Lamprinakos
Elena B. Roper
Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd.
55 West Monroe Street, Suite 800
Chicago, IL 60603
312.332.7760
312.332.7768 – Facsimile
nlamprinakos@robbins-schwartz.com
eroper@robbins-schwartz.com

**CERTIFICATE OF SERVICE**

I, Nikoleta Lamprinakos, an attorney, certify that I electronically filed the foregoing **Notice of Removal** with the Clerk of the Court using the CM/ECF system on December 4, 2023, which constitutes service on all counsel of record, registered filing users, pursuant to Fed. R. Civ. P. 5(b) and L.R. 59. I further certify that I sent a copy of this Notice of Removal via electronic mail addressed to the following:

Gregory Ditch
Pro Se Plaintiff
522 Colchester Dr.
Oswego, IL 60543
281.221.0996
Texasracer21@yahoo.com

                                                           s/ Nikoleta Lamprinakos
                                                           Nikoleta Lamprinakos