Exhibit A

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 25052534
2023LA001162
FILEDATE: 11/2/2023 1:23 PM
Date Submitted: 11/2/2023 1:23 PM
Date Accepted: 11/3/2023 11:30 AM
PS

STATE OF ILLINOIS )  2023LA001162

         ) ss.

COUNTY OF DUPAGE )

# IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
# DUPAGE COUNTY, ILLINOIS - LAW DIVISION

Gregory Ditch     :

Plaintiff,      :

v.          :

Melissa Oskroba    :  No.

Stephanie Posey    :  Honorable

Henry Gleamza     :  Courtroom

Dan Lentino,      :

Defendants.

**COMPLAINT AT LAW NOW COME:**

1  The Plaintiff, Gregory Ditch, Defendants, Stephanie Posey, Melissa Oskroba, Dan Lentino, and Henry Gleamza, upon information and belief, state as follows:


**Introduction:**

2  This complaint is brought by Plaintiff to seek redress and damages, under 42 U.S.C. §1983 and Illinois common law, for Libel and Slander and proximately resulting from the unreasonable, deliberately indifferent, intentional and conscience shocking conduct of the Defendants identified herein, which conduct was in violation of the constitutional and state common law rights of the Plaintiff, Gregory Ditch.

**Jurisdiction & Venue:**

3  This court original jurisdiction over the subject matter of the claims brought under Illinois common law herein. This Court has concurrent jurisdiction over the subject matter of the federal claims in this action under the authority of 42 U.S.C. §1983 for claims that arise under the Constitution and laws of the United States of America. Tampam Farms, Inc. v. Supervisor of Assessments for Ogle County, 271 Ill.App.3d 798, 803 (2ndDist.1995).

4  Venue is appropriate in DuPage County under 725 ILCS 5/2-101 and/or 102 as the parties all reside, have office and/or do business in DuPage County, and the transaction giving rise to the claims occurred in DuPage County.

**The Parties:**

5  The Plaintiff, Gregory Ditch is a citizen of the State of Illinois.  He was a teacher at Naperville North High School from August 2020-May 2023.  Mr. Ditch is a private citizen with no criminal record or accusations of wrongdoing.

6  The Defendant, Stephanie Posey, was at all times relevant hereto a Principal assigned to Naperville North High School acting beyond the scope of her employment with the Naperville Community Unit School District #203, and was at all times hereto acting under color of law. Stephanie Posey is sued in her individual capacity.

7  The Defendant, Melissa Oskroba, was at all times relevant hereto a teacher and Department Head assigned to Naperville North High School acting outside the scope of her employment with the Naperville Community Unit School District #203, and was at all times hereto acting under color of law. Melissa Oskroba is sued in her individual capacity.

8  The Defendant, Henry Gleamza, was at all times relevant hereto a teacher assigned to Naperville North High School acting outside the scope of his employment with the Naperville Community Unit School District #203, and was at all times hereto acting under color of law. Henry Gleamza is sued in his individual capacity.

9  The Defendant, Dan Lentino, was at all times relevant hereto a teacher assigned to Naperville North High School acting outside the scope of his employment with the Naperville Community Unit School District #203, and was at all times hereto acting under color of law. Dan Lentino is sued in his individual capacity.

**Facts common to all counts of the complaint:**

10  Melissa Oskroba, Stephanie Posey, Dan Lentino, and Henry Gleamza are currently employees of the Naperville Community Unit School District 203, located in Naperville, DuPage County, Illinois.  Although these individuals are employees of a public school district, the 745 ILCS 25/Tort Liabilities Act of Schools does not apply to this case.  Oskroba, Posey, Lentino, and Gleamza went beyond the scope of their employment as educators by acting in a willful and wanton way without regard to the harm they caused or could cause to Gregory Ditch.  The Defendents intentionally published false statements about the Plaintiff in a mass email sent to a large audience.

11  On or about September 24, 2023, Naperville North High School Principal Stephanie Posey and Melissa Oskroba sent a blast email to students and parents that implicated Mr. Ditch in the crime of property theft.  The letter refers to "the previous teacher", although it does not refer to Gregory Ditch by name the authors make the intended target easily identifiable. The Illinois state statute for defamation per se does not require the victim to be identified specifically by his or her name, it merely requires the victim to have been easily identifiable.  Gregory Ditch was the only automotive teacher at Naperville North High School from August 2020-May 2023.

12  The email *Important Notice Regarding Auto Shop Items*, read as follows:

13  *Dear Parents and Students,*

*I hope this message finds you well.  We would like to bring to your attention an unfortunate matter of significance concerning the Auto Shop at Naperville North High School.  While this may not pertain to all students from last year, we want to make everyone aware, especially if you have additional information that may help us recover items to support the current students in the Auto program as I will elaborate on further below.*

*It has recently come to our attention that certain items from the Auto Shop were distributed to students by the previous instructor who did not have the authority to do so.  These items are the property of the school and funded through the district. We understand that these items may have been received by students without knowing the teacher wasn't authorized to give them away, and we are eager to resolve this matter in an efficient and discreet manner.*

*We kindly request that, if you are in possession of any items from the NNHS Auto Shop that were distributed by the previous instructor, you please take a moment to return them to the school building.  We want to assure you that no further action will be taken if these items are returned promptly.  If you need help returning the items due to size and/or weight, please contact us and we will make arrangements to assist.  However, in the unfortunate event that we do not receive these items in a reasonable timeframe, we will consider further measures to address the situation. Our primary goal is to ensure that all Auto Shop resources are accounted for and enhance the experience of all NNHS students.*

*We appreciate your cooperation and understanding in this matter.  If you have any questions or concerns, or items to return please do not hesitate to reach out to us at Melissa Oskroba, CTE Dept. Chair (moskroba@naperville203.org).*

*Thank you for your prompt attention to this important issue.*

*Sincerely,*

*Stephanie Posey*

*Principal*

*Naperville North High School*

*Sposey@naperville203.org*

15 Rather than being reasonable and contacting Gregory Ditch or make other attempts to locate items they claim are missing, a mass email was published to a

vast audience This makes it clear that the goal of this letter is not to locate property, but to harm and humiliate Gregory Ditch. The letter also proves that the Defendents acted intentionally and willfully to publish false statements. Mr. Ditch's phone number, emergency contact phone number, personal email, home address, and new place of work were all known to Melissa Oskroba, Henry Gleamza, and Stephanie Posey. Not only was this information personally available to the Defendants, but it was also part of the Plaintiff's employment file and public record.

16 Mr. Ditch was never informed of any allegations that he was suspected of involvement in missing equipment or what may have been missing or given away. He was never given the opportunity to defend these allegations or take part in any investigation or give any statement regarding his knowledge of missing equipment. Mr. Ditch was not contacted or made aware he needed to contact any official from the Naperville Community Unit School District 203, an investigator from a law enforcement agency, a private investigator, or any individual that could file or pursue criminal charges. Knowing that an improper or incomplete investigation with no evidence of Mr. Ditch's involvement again proves that the acts of the Defendants were intentional, and they intended to cause harm and humiliation.

17 The first time Mr. Ditch learned of any issues with his former employer occurred on or about September 25, 2023 when former students, parents, and community members began reaching out to him to ask questions about the contents of the mass email sent by the Defendants.

18 Henry Gleamza and Dan Lentino conspired and collaborated with Melissa Oskroba and Stephanie Posey to intimidate a student and coerce this student, a minor, into falsely implicating Gregory Ditch in a crime. Henry Gleamza and Dan Lentino were complicit in aggressive and illegal questioning techniques that violated school policies and the rights of the minor student. Gleamza allegedly encouraged the student to tell other students that Gregory Ditch was involved in criminal acts in hopes of getting other students or individuals to make similar claims. This act further substantiates the claim of the Plaintiff that the Defendants colluded and conspired to intentionally spread false information regarding the theft of the missing items. Gleamza and Lentino were also complicit in the acts orchestrated by Oskoroba and Posey and allowing aggressive and retaliatory actions to take place against a student who refused to make false statements. Gleamza and Lentino are considered "Mandatory Reporters" and have a legal duty to inform authorities when a student is being harassed or abused.

19  Gregory Ditch was never interviewed by any officials or members of the Naperville Community Unit School District or any law enforcement agency.  He was never detained, questioned, indicted, or convicted in the alleged crime of removing school property or giving school property to students.

18  740 ILCS 145/0.01 Slander and Libel Act.

According to the Illinois State Supreme Court, a statement that does any of the following things amounts to defamation per se:

- accuses the plaintiff of committing a crime;
- indicates that the plaintiff is infected with a loathsome communicable disease;
- indicates that the plaintiff is unable to perform or lacks integrity in performing his or her employment duties;
- attributes to the plaintiff a lack of ability or otherwise harms the plaintiff in his or her profession; or
- accuses the plaintiff of engaging in adultery or fornication.


19  Melissa Oskroba and Stephanie Posey, along with the assistance of Henry Gleamza and Dan Lentino clearly committed the act of defamation per se by accusing Gregory Ditch of committing a crime, indicated that the Plaintiff lacks integrity while performing employment duties, and has caused professional harm.

20  In addition to the email blast, Dan Lentino, Henry Gleamza, and Melissa Oskroba told various staff members and employees at Naperville North High School that Gregory Ditch did in fact remove property or give away property that belonged to the school.  Oskroba, Gleamza, and Lentino would often boast after the September 24, 2023 to other teachers that they were conducting an investigation to prove that Mr. Ditch removed school property.

21  Gregory Ditch has never knowingly met Dan Lentino or engaged with him in any way.  Yet, Mr. Lentino has continued to tell people he "knows" Mr. Ditch removed school property from Naperville North High School.  Dan Lentino has been complicit in conspiring with the other Defendents and has been complicit in the violation Gregory Ditch's constitutional and common law rights.

22  Dan Lentino was a contributor to the slander and libel of Mr. Ditch by claiming that Gregory Ditch stole or removed property from Naperville North High School

without any factual knowledge or evidence. Mr. Lentino's employment came several months after Mr. Ditch's resignation and was never part of the final inventory of the school auto shop. Dan Lentino's statements that Mr. Ditch removed any items from the school auto shop are intentionally false and defamatory.

23  The actions of the Defendents have caused doubt and uncertainty about the Plaintiff throughout the professional automotive community, his new employer, and friends and family. Gregory Ditch works in the automotive industry and is responsible for vehicles, money, and equipment. The allegations spread by the Defendents have harmed Gregory Ditch's reputation and are not only affecting his current position but will continue affect how potential employers view him in the future. Not to mention, he will never be able to obtain a credible reference from Naperville Community Unit School District 203, a place where he was employed for 3 consecutive school years.

**Summary of Facts**

24 Melissa Oskroba, Henry Gleamza, Dan Lentino, and Stephanie Posey intentionally and knowingly intended to cause harm and damage to the reputation and character of Mr. Gregory Ditch by intentionally sending a mass email that contained false information.

25  Gregory Ditch was never contacted or interviewed by Herny Gleamza, Stephanie Posey, Dan Lentino, or Melissa Oskroba. No law enforcement representative or anyone with the power to arrest, investigate, or prosecute ever made contact with Mr. Ditch regarding the theft of any items. No official or investigator from Naperville Community Unit School District 203 contacted Mr. Ditch regarding missing items.

26  Melissa Oskroba was Gregory Ditch's direct supervisor at Naperville North High School from August 2020-May 2023. May 26, 2023 was Gregory Ditch's final day of employment and prior to Mr. Ditch turning in his keys and other school related property, Melissa Oskroba completed an inventory of school property. At this time there were no issues or concerns raised regarding missing tools or equipment.

27 Melissa Oskroba, Henry Gleamza, Dan Lentino, and Stephanie Posey conspired and acted in concert to compose an email that would reach out within the

Naperville community to implicate Gregory Ditch in a crime he was not accused of or convicted of by any law enforcement agency or court.

38  Melissa Oskroba, Henry Gleamza, Dan Lentino, and Stephanie Posey conspired to coerce a minor student into making false statements implicating Gregory Ditch in a criminal act.  The minor did not cooperate with the defendants' requests.

29  Melissa Oskroba, Henry Gleamza, Dan Lentino, and Stephanie Posey acted with malice and wanton disregard, intending to cause harm to Gregory Ditch, a private citizen.  They do not qualify for immunity or privilege as school officials or employees because these acts are outside of their course of duty and the intentions of their email and acts were to harm a private citizen.

30  The email and statements made by the Defendents qualify as defamation per se.  Only one element of five points needs to be proven and the Defendents were able to accuse the Plaintiff or three separate elements.

31  The Plaintiff's professional and personal reputation are permanently damaged.

32  The Defendants intentionally published a mass email containing false information that caused shame, ridicule, and harm to the Plaintiff.

**Defining Defamation:**

33  To prove defamation, a plaintiff must show (1) the defendant made a false statement about the plaintiff, (2) there was an unprivileged publication to a third party with fault by the defendant, and (3) the publication damaged the plaintiff.  All three points are proven in this case.  Gregory Ditch did not give school property to students, there was no privilege with the people receiving the email, and the words and statements of the email were harmful.

34  Statements are defamatory in nature if they tend to expose one to hatred, shame, disgrace, contempt or ridicule.

35  Since Defamation deals with a person's reputation, cases of libel or slander can only occur when the statements are made to a third party.  In other words, a principal may write a defamatory letter to a teacher (about that teacher), but no libel is present unless the principal copies the letter to other parties.  Statements may be "defamatory on their face."

36  In this case a letter was not sent between two educators attempting to figure out if there was missing equipment; it was a mass email sent out to a large audience of parents and students making false allegations and identifying Mr. Ditch as a person who removed school property.

The Defendents Lack Privilege:

37  In this case, the Defendents may attempt a claim at privilege, but it would not exist for them.  The Defendents did indeed abuse their qualified privilege by making statements that were knowingly false or false statements that could have been easily investigated and verified.  In attempt to make their statements credible, the Defendents used highly unethical questioning techniques of a minor by making threats and attempting to coerce a statement against Gregory Ditch.  There was never a proper investigation conducted into the alleged crime or an attempt to make contact with Gregory Ditch giving him the opportunity to admit or deny any of the allegations.  The Defendants worked in concert to coerce a child into making a statement against his former teacher, Gregory Ditch.  Oskroba, Posey, Gleamza, and Lentino were unable to produce evidence that Mr. Ditch removed equipment from the school and were in desperate need of a witness.  The student refused to make false statements and made multiple statements that Mr. Ditch was not involved in removing the equipment.

38  On or about September 26, 2023; Gregory Ditch had his attorney send a letter to Stephanie Posey, Henry Gleamza, and Melissa Oksroba.  These individuals never attempted to contact Mr. Ditch or his attorney in regard to missing tools or seeking information.

39  In addition, Melissa Oskroba performed a physical inventory in the presence of Gregory Ditch on May 26, 2023 at which time Oskroba was satisfied with the results of her findings.  At this time Gregory Ditch submitted his final paperwork and keys to the building and ended his employment at Naperville North High School.  It took nearly four months before Oskroba and Posey would send a mass email accusing Gregory Ditch of giving away school property.

40  Kuwik v. Starmark Star Marketing & Admin., Inc established that one of three conditions must be met in order to gain qualified privilege and the Defendents do not meet this requirement.  Although, it may appear that the Defendents were acting in the interest of the public interest to recovery missing equipment, they disregarded the truth of the matter.  In the Kuwick case, it was established that the Plaintiff be given the right to have the Defendents investigate claims made against

him. In this case, the equipment had been inventoried prior to Mr. Ditch's departure from the school grounds. It would be the responsibility of the Defendants to investigate what happened. Anything less than making an attempt to find out the truth is an abuse of privilege and is immediate grounds for loss of qualified privilege. Acts constituting a reckless disregard of a plaintiff's rights include the failure to properly investigate the truth, the failure to limit the scope of the material, and/or the failure to publish the material only to the proper parties. Id., see also Cianci, 298 Ill. App. 3d at 426

**Innocent Construction:**

41 The claims made by the Defendents in the September 24, 2023 emails fall into the category of defamation per se and is actionable by the court. The claim that Gregory Ditch removed equipment from the auto shop and gave it away to students would not be considered an innocent claim by a reasonable individual. Most people reading the email would recognize Mr. Ditch as being engaged in a criminal act and putting minors in harm's way by handing over stolen property. The meaning and message of this email obviously put the focus of a crime on Gregory Ditch and makes an implicit statement that the main authority of the school, Stephanie Posey, conducted a thorough investigation of all facts and exculpatory evidence. This is clearly not the case, and they did not make a reasonable effort to perform an ethical investigation. Their investigation relied on high pressure questioning, coercion, collusion, and conspiracy.

**Public Figure vs. Private Citizen:**

42 The Supreme Court recognizes a school principal as a public figure and the press and public have a right to redress their grievances on how this individual performs and manages a school. However, a public figure, such as Stephanie Posey or Melissa Oskroba, is not guaranteed the right to publish a defamatory email about a former employee and then send it to hundreds of students and parents. The standard for defamation against a private citizen is less rigorous and Gregory Ditch may be entitled to punitive damages in this case.

**Excessive Publication:**

43 On February 11, 2016, a federal district court in New York allowed a former executive to proceed with his defamation lawsuit against the company that terminated him. (*McCusker v. Hibu PLC* (E.D.N.Y. 2/11/16) 2016 WL 538472.)

This lawsuit was spurred by the company's circulation of a mass email informing all current employees, beyond senior management, of the reasons for the termination. Although the email appeared to be a communication within the company regarding an employee's discipline and termination, a question of fact remained whether the company abused that privilege by sending the email to thousands of employees "some of whom then republished it on the Internet." Although statements of opinion generally cannot be defamatory, a reasonable person who received the email could interpret its statements to suggest some illegal or corrupt behavior on McCusker's part.

44  As in *McCusker*, an employer can abuse this privilege by excessive publication. While an employer may share a common interest with its employees about work policy violations that led to a termination, a large number of employee recipients and their viral republication of such communications – a practice more difficult for employers to manage as the number of email recipients increases – may lead to a finding of excessive publication that supports a defamation claim against the employer.

45  When Melissa Oskroba and Stephanie Posey sent this bulk email to parents and students, just as the *McCusker* case there is no stopping individuals from sharing and forwarding this communication or reposting it to different forms of social media or websites.  In addition, the context of the email sent by Melissa Oskroba and Stephanie Posey made Gregory Ditch look corrupt and criminal.  As a result, this email has affected Mr. Ditch's reputation and the reputation of his children and family.

**Tort Liabilities Act of Schools:**

46  The Tort Liabilities Act of Schools is non-applicable in this case.  There is no tort brought against Naperville Community School District 203, this complaint is brought against Stephanie Posey, Melissa Oskroba, Henry Gleamza, and Dan Lentino as Indvidual.  The fact that the Defendants acted intentionally makes The Tort Liability Act of Schools a non-factor in this case.  According to civil tort law, an individual can be held personally liable for defamation.

**Damages:**

47  In a defamation *per se* action, anyone who causes or participates in the publication of defamatory *per se* statements is potentially liable. Damages are presumed and the plaintiff need not plead or prove actual damage to reputation to

recover damages. The public policy that underlies presumed damages in defamation *per se* action is that courts believe it may be impossible to present evidence to support an award of compensatory damages for actual harm caused by an injury to reputation. Illinois courts allow recovery for monetary or economic loss, mental suffering, and consequent bodily harm, public opprobrium, damage to community standing, embarrassment or humiliation, and injury to professional and personal reputations.

## Count I

48  Mr. Ditch brings this action pursuant to the Civil Liabilities and Slander Act. (740 ILCS 145/0.01) (from Ch. 126, par. 0.01)
      Sec. 0.01.

49  The State of Illinois does not distinguish a difference between Slander and Libel and treats them as one in the same.

50  The Illinois Supreme Court considers any one of five types of statements to be defamatory *per se*: (1) accusing a person of committing a crime, (2) accusing a person of being infected with a "loathsome communicable disease," (3) accusing a person of lacking ability or integrity in the performance of job duties, (4) statements that otherwise prejudice a person in his profession or business, and (5) accusing a person of adultery or fornication.

51  *Solaia Tech., LLC v. Specialty Pub. Co.*, 221 Ill. 2d 558, 580 (2006). A plaintiff does not need to plead or prove actual damage to his reputation to recover for a statement that is defamatory *per se*.

52  Only one of these statements is required to engage in an act of defamation; however, Melissa Oskrona, Henry Gleamza, and Stephanie Posey made or implied at least three of these statements in their blast email to students and parents.

53 As a direct and proximate result of the individual and/or concerted conduct of the Defendants, Melissa Oskroba, Henry Gleamza, Dan Lentino, and Stephanie Posey, in violation of the rights and guarantees of the Plaintiff, Gregory Ditch, 740 ILCS/1450.01. WHEREFORE, the Plaintiff, Gregory Ditch, demand judgment in favor of each and against the Defendants, Melissa Oskroba, Henry Gleamza, Dan Lentino and Stephanie Posey, jointly and severally, in an amount in excess of One Million Dollars ($1,000,000), plus a reasonable attorney's fee and non-taxable costs pursuant to 42 U.S.C. §1988 plus costs pursuant to 735 ILCS 5/5-101, et seq

**Count II**

FOURTEENTH AMENDMENT VIOLATION - 42 U.S.C. §1983

54 WILLFUL & WANTON - State Law Execution or Enforcement of Laws - Individual & Conspiracy Liability

55  Plaintiff incorporate by reference ¶¶1 through 54 above, as if fully set forth herein.

56  At all times relevant hereto and described herein, the Defendants, Melissa Oskroba Henry Gleamza, Dan Lentino, and Stephanie Posey, acting in concert through implicit or explicit agreement, engaged in conduct in the execution or enforcement of the Laws of the State of Illinois.

57 The Defendants, Melissa Oskroba Henry Gleamza, Dan Lentino, and Stephanie Posey, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through implicit or explicit means, to falsely harm Gregory Ditch through the above described willful and wanton acts and/or omissions, causing depression, anxiety, embarrassment, humiliation, suicidal ideations, and permanent damage to Mr. Ditch's reputation.

58 In furtherance of this agreement, the Defendants, Melissa Oskroba, Henry Gleamza, Dan Lentino, and Stephanie Posey, engaged in the individual and/or concerted conduct described herein.

43  The individual and/or concerted willful and wanton conduct of the Defendants, Melissa Oskroba, Henry Gleamza, Dan Lentino, and Stephanie Posey, was so damaging and injurious to the Plaintiff, Gregory Ditch, who had no criminal history and completed an equipment inventory on the final day of school subjected to the above treatment causing distress and harm to his reputation.

44  As a direct and proximate result of the individual and/or concerted conduct of the Defendants, Melissa Oskroba, Henry Gleamza, Dan Lentino, and Stephanie Posey, in violation of the rights and guarantees of the Plaintiff, Gregory Ditch, 740 ILCS/1450.01. WHEREFORE, the Plaintiff, Gregory Ditch, demand judgment in favor of each and against the Defendants, Melissa Oskroba, Henry Gleamza, Dan Lentino and Stephanie Posey, jointly and severally, in an amount in excess of One Million Dollars ($1,000,000), plus a reasonable attorney's fee and non-taxable costs pursuant to 42 U.S.C. §1988 plus costs pursuant to 735 ILCS 5/5-101, et seq

**Count III**

FOURTEENTH AMENDMENT VIOLATION - 42 U.S.C. §1983

45  Execution or Enforcement of Laws - Individual & Conspiracy Liability

46  Plaintiff incorporate by reference 1 through 44, above, as if fully set forth herein.

47  Gregory Ditch is entitled under Illinois common law to be free from severe emotional distress as the proximate result of the extreme and outrageous intentional conduct of others.

48  On or about September 24, 2023, the Defendants, Melissa Oskroba, Henry Gleamza, Dan Lentino, and Stephanie Posey, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through implicit or explicit means, to engage in extreme and outrageous conduct in the execution of the act of libel and slander.

49  In furtherance of this agreement, the Defendants, Melissa Oskroba, Henry Gleamza, Dan Lentino, and Stephanie Posey, engaged in the individual and/or concerted conduct described herein.

50  As a result of the facts set forth herein, the Defendants, Melissa Oskroba, Henry Gleamza, Dan Lentino, and Stephanie Posey, individually and/or in concert, intended or recklessly disregarded the probability that the conduct described would cause Gregory Ditch to suffer emotional distress and permanent harm to his reputation.

51  Defendants acts, individually and/or in concert with each other as described above, actually and proximately caused Gregory Ditch to suffer extreme, excessive emotional distress and permanent harm to his reputation.

52  As a direct and proximate result of the individual and/or concerted conduct of the Defendants, Melissa Oskroba, Henry Gleamza, Dan Lentino, and Stephanie Psory, in violation of the rights and guarantees of the Plaintiff, Gregory Ditch, to Due Process of Law under the Fourteenth Amendment to the Constitution of the United States to be free from the intentional interference. WHEREFORE, the Plaintiffs, Gregory Ditch, demand judgment in favor of each and against the Defendants, Melissa Oskroba, Henry Gleamza, Dan Lentino, and Stephanie Poey,

jointly and severally, in an amount in excess of One Million Dollars ($1,000,000), plus a reasonable attorney's fee and non-taxable costs pursuant to 42 U.S.C. §1988 plus costs pursuant to 735 ILCS 5/5-101, et seq

**Count IV**

FOURTEENTH AMENDMENT VIOLATION - 42 U.S.C. §1983

53  Interference & Conspiracy Liability / Failure to Intervene

54. Plaintiff incorporate by reference 1 through 52, above, as if fully set forth herein.

55  On and prior to September 24, 2023 the Plaintiff, Gregory Ditch, was entitled to the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America to the exclusive right to be free from intentional interference by a governmental without due process of law.

56  On or about September 24, 2023, the Defendants, Melissa Oskrona, Henry Gleamza, Dan Lentino, and Stephanie Posey, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through implicit or explicit means, to interfere with the Fourteenth Amendment due process rights of Gregory Ditch for the purpose of facilitating the Defendants' efforts and conduct of causing excessive, intolerable and extreme emotional distress and irreversible harm through false statements in a mass email and coercion of a minor to gain a false testimony.

57 In furtherance of this agreement, the Defendants, Melissa Oskroba, Henry Gleamza, Dan Lentino, and Stephanie Posey engaged in the individual and/or concerted conduct described herein.

58 Furthermore, and in the alternative to the claim of conspiracy, at all times relevant herein, and as described herein above, each of the Defendants, Melissa Oskroba, Henry Gleamza, Dan Lentino, and Stephanie Posey, had a reasonable opportunity to intervene to prevent the violation of the Fourteenth Amendment rights and guarantees of the Plaintiff, Gregory Ditch, by the other Defendant(s), but despite such opportunity, failed to do so. The failure of each Defendant to intervene in the violation of the Fourteenth Amendment rights and guarantees of the Plaintiffs, Gregory Ditch, by the other Defendant(s) directly and proximately caused the violation of the Plaintiffs', rights by another Defendant and the damages claimed herein, including emotional distress and reptation damage.

59 As a direct and proximate result of the individual and/or concerted conduct of the Defendants, Melissa Oskroba, Henry Gleamza, Dan Lentino, and Stephanie Posey, in violation of the rights and guarantees of the Plaintiff, Gregory Ditch, to Due Process of Law under the Fourteenth Amendment to the Constitution of the United States to be free from the intentional interference. WHEREFORE, the Plaintiffs, Gregory Ditch, demand judgment in favor of each and against the Defendants, Melissa Oskroba, Henry Gleamza, Dan Lentino, and Stephanie Poey, jointly and severally, in an amount in excess of One Million Dollars ($1,000,000), plus a reasonable attorney's fee and non-taxable costs pursuant to 42 U.S.C. §1988 plus costs pursuant to 735 ILCS 5/5-101, et seq

Plaintiff Demands a Trial by Jury on All Issues and Claims so Triable

Respectfully submitted by:

Gregory Ditch
522 Colchester Dr.
Oswego, IL 60543
281-221-0996
Texasracer21@yahoo.com
Representing pro se

**AFFIDAVIT OF SERVICE**

| Case: 2023LA001162 | Court: IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT DUPAGE COUNTY ILLINOIS | County: DUPAGE, IL | Job: 9886704 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Gregory Ditch | | **Defendant / Respondent:** Melissa Oskroba, Stephanie Posey, Henry Gleamza, Dan Lentino, | |
| **Received by:** Jacob Osojnak | | **For:** GREGORY DITCH | |
| **To be served upon:** Henry Gleamza | | | |

Carie Deviatkinm
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 25154030
2023LA001162
FILEDATE: 11/9/2023 3:53 PM
Date Submitted: 11/9/2023 3:53 PM
Date Accepted: 11/9/2023 3:59 PM
JN

JACOB OSOJNAK, being first duly sworn on oath, deposes and states the following: I am over the age of 18 and not a party to this action. I am licensed under the Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004.

| | |
|---|---|
| **Recipient Name / Address:** | Henry Gleamza, HOME: 281 Westhaven Circle, Geneva, IL 60134 |
| **Manner of Service:** | Substitute Service - Abode, Nov 8, 2023, 4:51 pm CST |
| **Documents:** | Summons, Complaint |

**Additional Comments:**
1) Successful Attempt: Nov 8, 2023, 4:51 pm CST at HOME: 281 Westhaven Circle, Geneva, IL 60134 received by Bruce Gleamza. Age: 62; Ethnicity: Caucasian; Gender: Male; Weight: 200; Height: 6'0"; Hair: Gray; Relationship: Father;

The recipient stated they reside here with the defendant I further mailed a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode on 11/8/23

_____     11/09/2023
JACOB OSOJNAK                         **Date**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

_____     11/09/2023
JACOB OSOJNAK                         **Date**

Windy City Process Serving Inc.
3400 W 111th St #446
Chicago, IL 60655

## AFFIDAVIT OF SERVICE

| Case: 2023LA001162 | Court: IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT DUPAGE COUNTY ILLINOIS | County: DUPAGE, IL | Job: 9886707 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Gregory Ditch | | **Defendant / Respondent:** Melissa Oskroba, Stephanie Geary, Larry Gleamza, Dan Lentino, | |
| **Received by:** Jacob Osojnak | | **For:** GREGORY DITCH | |
| **To be served upon:** Dan Lentino | | | |

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 25174878
2023LA001162
FILEDATE: 11/13/2023 10:23 AM
Date Submitted: 11/13/2023 10:23 AM
Date Accepted: 11/14/2023 8:51 AM
JN

JACOB OSOJNAK, being first duly sworn on oath, deposes and states the following: I am over the age of 18 and not a party to this action. I am licensed under the Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004.

| Recipient Name / Address: | Dan Lentino, HOME: 7862 Carlisle Drive, Hanover Park, IL 60133 |
|---|---|
| Manner of Service: | Personal/Individual, Nov 11, 2023, 5:21 pm CST |
| Documents: | Summons, Complaint |

**Additional Comments:**
1) Unsuccessful Attempt: Nov 8, 2023, 2:11 pm CST at HOME: 7862 Carlisle Drive, Hanover Park, IL 60133
Address is a single-family home. No answer at door, dogs are barking inside. No vehicles in driveway.

2) Successful Attempt: Nov 11, 2023, 5:21 pm CST at HOME: 7862 Carlisle Drive, Hanover Park, IL 60133 received by Dan Lentino. Age: 46; Ethnicity: Caucasian; Gender: Male; Weight: 140; Height: 5'6"; Hair: Gray;

_____   11/12/2023
JACOB OSOJNAK                **Date**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

_____   11/12/2023
JACOB OSOJNAK                **Date**

Windy City Process Serving Inc.
3400 W 111th St #446
Chicago, IL 60655

Candice Adams
e-Filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 25220654
2023LA001162
FILEDATE: 11/15/2023 1:16 PM
Date Submitted: 11/15/2023 1:16 PM
Date Accepted: 11/16/2023 1:55 PM
BW 9886702

## AFFIDAVIT OF SERVICE

| Case: 2023LA001162 | Court: IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT DUPAGE COUNTY ILLINOIS | County: DUPAGE, IL | |
|---|---|---|---|
| **Plaintiff / Petitioner:** Gregory Ditch | | **Defendant / Respondent:** Melissa Oskroba, Stephanie Posey, Henry Gleamza, Dan Lentino, | |
| **Received by:** Jacob Osojnak | | **For:** GREGORY DITCH | |
| **To be served upon:** Melissa Oskroba | | | |

JACOB OSOJNAK, being first duly sworn on oath, deposes and states the following: I am over the age of 18 and not a party to this action. I am licensed under the Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004.

| | |
|---|---|
| Recipient Name / Address: | Melissa Oskroba, HOME: 24w545 Ohio Street, Naperville, IL 60540 |
| Manner of Service: | Substitute Service - Abode, Nov 14, 2023, 5:29 pm CST |
| Documents: | Summons, Complaint |

**Additional Comments:**
1) Unsuccessful Attempt: Nov 8, 2023, 8:49 am CST at HOME: 24w545 Ohio Street, Naperville, IL 60540
Address is a single family home. No answer at door, no lights on inside. No vehicles in driveway.

2) Unsuccessful Attempt: Nov 11, 2023, 12:05 pm CST at HOME: 24w545 Ohio Street, Naperville, IL 60540
No answer at door, no vehicles in driveway.

3) Successful Attempt: Nov 14, 2023, 5:29 pm CST at HOME: 24w545 Ohio Street, Naperville, IL 60540 received by Refused Name. Age: 40; Ethnicity: Caucasian; Gender: Male; Weight: 180; Height: 5'11"; Hair: Brown; Relationship: Co-occupant;

The recipient stated they reside here with the defendant I further mailed a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode on 11/14/23

_____          11/15/2023
JACOB OSOJNAK                             **Date**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

_____          11/15/2023
JACOB OSOJNAK                             **Date**

Windy City Process Serving Inc.
3400 W 111th St #446
Chicago, IL 60655

## AFFIDAVIT OF SERVICE

| Case:<br>2023LA001162 | Court:<br>IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL<br>CIRCUIT DUPAGE COUNTY ILLINOIS | County:<br>DUPAGE, IL | Job:<br>9886705 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Gregory Ditch | | **Defendant / Respondent:**<br>Melissa Oskroba, Stephanie Posey, Henry Gleamza, Dan<br>Lentino, | |
| **Received by:**<br>JACOB OSOJNAK | | **For:**<br>GREGORY DITCH | |
| **To be served upon:**<br>Stephanie Posey | | | |

JACOB OSOJNAK, being first duly sworn on oath, deposes and states the following: I am over the age of 18 and not a party to this action. I am licensed under the Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004.

**Recipient Name / Address:** Stephanie Posey, Corporate: 899 MILL STREET, NAPERVILLE, IL 60563

**Manner of Service:** Substitute Service - Business, Nov 15, 2023, 8:00 am CST

**Documents:** Summons, Complaint

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 25228990
2023LA001162
FILEDATE: 11/15/2023 7:29 PM
Date Submitted: 11/15/2023 7:29 PM
Date Accepted: 11/16/2023 3:39 PM
KS

**Additional Comments:**
1) Unsuccessful Attempt: Nov 8, 2023, 8:13 am CST at HOME: 3205 Bromley Lane, Aurora, IL 60502
Address is a townhouse. No answer at door, no vehicles in driveway.

2) Unsuccessful Attempt: Nov 11, 2023, 11:35 am CST at HOME: 3205 Bromley Lane, Aurora, IL 60502
No answer at door, no vehicles in driveway.

3) Unsuccessful Attempt: Nov 14, 2023, 5:59 pm CST at HOME: 3205 Bromley Lane, Aurora, IL 60502
No answer at door. No lights on inside, no vehicles in driveway.

4) Successful Attempt: Nov 15, 2023, 8:00 am CST at Corporate: 899 MILL STREET, NAPERVILLE, IL 60563 received by Jill Myatt. Age: 50;
Ethnicity: Caucasian; Gender: Female; Weight: 130; Height: 5'4"; Hair: Brown; Relationship: Assistant;
Address is Naperville North High School. Jill states that she is authorized to accept service for the defendant.

The recipient stated they reside here with the defendant I further mailed a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode on11/15/23

_____     11/15/2023
JACOB OSOJNAK                          **Date**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

_____     11/15/2023
JACOB OSOJNAK                          **Date**

Windy City Process Serving Inc.
3400 W 111th St #446
Chicago, IL 60655

APPEARANCE - CIVIL

2139 (Rev. 12/20)

**STATE OF ILLINOIS**

**UNITED STATES OF AMERICA**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

**COUNTY OF DU PAGE**

**GREGORY DITCH**

vs

**MELISSA OSKROBA,
STEPHANIE POSEY, HENRY
GLEAMZA, DAN LENTINO**

2023 LA 001162

**CASE NUMBER**

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 25340079
2023LA001162
FILEDATE: 11/27/2023 11:59 AM
Date Submitted: 11/27/2023 11:59 AM
Date Accepted: 11/28/2023 11:01 AM
MM

File Stamp Here

**APPEARANCE**

I hereby enter the appearance of

**Defendants, MELISSA OSKROBA, STEPHANIE POSEY, HENRY GLEAMZA, DAN LENTINO**

**(Insert the name of the party for whom you are entering the appearance)**

and my own as:

☐ Additional Counsel

☐ Appellate Counsel

☐ Court Appointed Counsel

☐ Guardian Ad Litem

☒ Regular Counsel

☐ Respondent in Discovery

☐ Special & Limited Appearance

☐ Substitute Counsel

☐ Trial Counsel

☐ _____

in the above titled cause.

Name: **Elena B. Roper** ☐ Pro Se

DuPage Attorney Number: **71875**

Attorney for: **Defendants**

Address: **55 W. Monroe, Suite 800**

City/State/Zip: **Chicago, IL 60603**

Telephone Number: **(312) 332-7760**

Email: **eroper@robbins-schwartz.com**

/s/ Elena B. Roper

Signature of Attorney filing Appearance

Elena B. Roper

Printed Name

**CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©**
**WHEATON, ILLINOIS 60187-0707**

APPEARANCE - CIVIL

2139 (Rev. 12/20)

**STATE OF ILLINOIS**

**UNITED STATES OF AMERICA**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

**COUNTY OF DU PAGE**

**GREGORY DITCH**

vs

**MELISSA OSKROBA,
STEPHANIE POSEY, HENRY
GLEAMZA, DAN LENTINO**

2023 LA 001162

**CASE NUMBER**

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 25340079
2023LA001162
FILEDATE: 11/27/2023 11:59 AM
Date Submitted: 11/27/2023 11:59 AM
Date Accepted: 11/28/2023 11:01 AM
MM

File Stamp Here

**APPEARANCE**

I hereby enter the appearance of

**Defendants, MELISSA OSKROBA, STEPHANIE POSEY, HENRY GLEAMZA, DAN LENTINO**

**(Insert the name of the party for whom you are entering the appearance)**

and my own as:

☐ Additional Counsel

☐ Appellate Counsel

☐ Court Appointed Counsel

☐ Guardian Ad Litem

☒ Regular Counsel

☐ Respondent in Discovery

☐ Special & Limited Appearance

☐ Substitute Counsel

☐ Trial Counsel

☐ _____

in the above titled cause.

Name: **Nikoleta Lamprinakos**    ☐ Pro Se

DuPage Attorney Number: **71875**

Attorney for: **Defendants**

Address: **55 W. Monroe, Suite 800**

City/State/Zip: **Chicago, IL 60603**

Telephone Number: **(312) 332-7760**

Email: **nlamprinakos@robbins-schwartz.com**

/s/ Nikoleta Lamprinakos

Signature of Attorney filing Appearance

Nikoleta Lamprinakos

Printed Name

**CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©**
**WHEATON, ILLINOIS 60187-0707**

MOTION - CIVIL                                                                2273  (Rev.12/20)

**UNITED STATES OF AMERICA**

**STATE OF ILLINOIS**                                                **COUNTY OF DU PAGE**

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

**GREGORY DITCH**

_____        **2023LA001162**

                                              _____

                                              CASE NUMBER

_____
                                PLAINTIFF

vs

**MELISSA OSKROBA, ET AL**                      PAGE  __1__  OF  __8__

_____
                                DEFENDANT                    **MOTION**

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 25364276
2023LA001162
FILEDATE: 11/28/2023 1:45 PM
Date Submitted: 11/28/2023 1:45 PM
Date Accepted: 11/29/2023 9:03 AM
EP

File Stamp Here

Plaintiff Gregory Ditch has moved to disqualify Nikoleta Lamprinakos and Elena Roper from the firm of Robbins Schwartz, counsel for Defendants: Melissa Oskroba, Stephanie Posey, Henry Gleamza, and Dan Lentino.

I hereby state, under penalties provided by the Code of Civil Procedure (735 ILCS 5/1-109), the foregoing to be true and correct.

Name:   **GREGORY DITCH**                    ☒ Pro Se

DuPage Attorney Number:  **99500**

Attorney for:  _____        **11/27/2023**

Address:  **522 COLCHESTER DR**                _____

City/State/Zip:  **OSWEGO IL 60543**                      Date

Telephone Number:  **281-221-0996**              **/S/GREGORY DITCH**

Email:  **TEXASRACER21@YAHOO.COM**            _____

                                              Signature of Petitioner

**CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©**
**WHEATON, ILLINOIS 60187-0707**

STATE OF ILLINOIS COUNTY OF DU PAGE IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT


Gregory Ditch                         :

Plaintiff,                            :

v.                                    :

Melissa Oskroba                       :          No. 2023LA001162

Stephanie Posey                       :

Henry Gleamza                         :

Dan Lentino,              :

Defendants.


## MOTION TO DISQUALIFY DEFENDANTS' COUNSEL

## MEMORANDUM

Plaintiff Gregory Ditch has moved to disqualify Nikoleta Lamprinakos and Elena Roper from the firm of Robbins Schwartz, counsel for Defendants: Melissa Oskroba, Stephanie Posey, Henry Gleamza, and Dan Lentino.

**Introduction**

Gregory Ditch, a former teacher in the Naperville Community Unit School District 203 (District), contacted his former employer on or about October 18, 2023 requesting to file a complaint through the Uniform Grievance Procedure (UGP). Gregory Ditch filed two UGP's with the District regarding an email sent out by Stephanie Posey and Melissa Oskroba in September of 2023 and a potential labor violation that occurred in April of 2023.

After the District reviewed the two UGP's, Dr. Chala Holland contacted Gregory Ditch and indicated that she (Holland) needed to refer the UGP's to the law firm of Robbins Schwartz as a neutral party to review the complaints. Gregory Ditch communicated with Aaron Kacel from the law firm of Robbins Schwartz and expressed concerns of the DIstrict's defense counsel investigating UGP's and a possible conflict of interest.

Aaron Kacel informed Gregory Ditch that in order to move forward with the UGP's they would need to proceed with a Zoom interview. Gregory Ditch met via Zoom on November 3, 2023 with Aaron Kacel for approximately 2 hours and discussed the complaints and cases in great detail.

The Plaintiff, Gregory Ditch, was led to believe that the law firm of Robbins Schwartz was going to be a neutral and non-biased party in the investigation into the claims in the UGP's. Gregory Ditch revealed confidential and privileged information to the Defendants' legal time while under the impression that Robbins Schwartz was helping Gregory Ditch advocate and bring charges against Naperville Community Unit School District 203.

Naperville Community Unit School District 203 is the client of Robbins Schwartz and the loyalty of this law firm belongs to Robbins Schwart. It would be highly unplausible to believe that the defense would not have access to emails, evidence, and testimony Gregory Ditch provided when Robbins Schwartz was investigating the UGP's.

**Background**

Gregory Ditch filed a complaint with the Illinois Education Labor Relations Board regarding a violation of his right to union representation. Aaron Kacel of Robbins Schwartz interviewed Gregory Ditch and reviewed all complaints, statements, and documents related to this case. The firm of Robbins Schwartz is currently defending Naperville Community School District 203 against a complaint Gregory DItch filed with the IELRB.

Gregory Ditch has also filed a complaint in the 18th Circuit District Court against Melissa Oskroba, Stephanie Posey, Henry Gleamza, and Dan Lentino. All Defendants are employees of Naperville Community Unit School District 203 and subject of a UGP that Robbins Schwartz is investigating.

Not only was Robbins-Schwartz tasked with looking into claims and evidence presented by Gregory Ditch, but the law firm also had the opportunity to weigh the evidence presented by its client. This imbalance of power would allow Robbins-Schwartz to formulate an effective defense and potentially use confidential information provided by Gregory Ditch to aid their client in this lawsuit.

**Lawyer as a witness**

With Robbins-Schwartz attorneys working as investigators into Gregory Ditch's two separate and unrelated UGP claims it would not be possible for Gregory Ditch to call members of

Robbins-Schwartz as witnesses. Notes, findings, and other files collected and compiled by Robbins-Schwartz could be considered as privileged documents and not eligible for the rules of discovery.

The firm of Robbins-Schwartz puts itself in close proximity to both the Plaintiff and Defendants. However, the loyalty and bias of the firm belongs to the Defendants.

**Examples**

CWT Canada II Ltd. v. Bridges

No. CV-16-02577-PHX-GMS (D. Ariz. Aug. 17, 2017)

Ellsworth v. Prison Health Servs., Inc.

No. CIV 11-8070 PCT RCB(MEA) (D. Ariz. Dec. 12, 2013)

Link v. Adzzoo

2:09-cv-01564-GMN-LRL (D. Nev. Oct. 14, 2010)

Gordon v. Dadante

Case No. 1:05-CV-2726 (N.D. Ohio Aug. 26, 2009)

Xcentric Ventures, LLC v. Stanley

No. CV-07-00954-PHX-NVW (D. Ariz. Jul. 27, 2007)

**Case Citations**

Skokie Gold Standard Liquors v. Joseph E. Seagram & Sons, Inc., (1st Dist. 1983) 116 Ill.App.3rd 1043, 72 Ill. Dec. 551, 452 N.E.2d 804

In Skokie Gold Standard Liquors v. Joseph E. Seagram & Sons, Inc., supra, the court reviewed the federal decisions which had uniformly held that once it was shown that a prior representation

was substantially related to the action in question, there is an irrebuttable presumption that confidential information was disclosed. The rationale for this rule, which the Skokie Gold Standard Liquors court found persuasive, is found in In re: Corrugated Container Antitrust Litigation, (5th Cir. 1981) 659 F.2d 1341, 1347, where the court stated: ***[I]t is evident that the presumption arising under the substantial relationship test is not the ordinary type of presumption that is intended to obviate the need for proof where proof would be difficult. Instead, this presumption is intended to prevent proof that would be improper to make. The presumption avoids compelling the former client to prove the very things that he seeks to keep confidential. If the presumption were rebuttable, that is, if the attorney could attempt to prove that he did not recall any disclosure of confidential information, or that no confidential information was in fact disclosed, this would also defeat the purpose of keeping the client's secrets confidential. The confidences would be disclosed during the course of rebutting the presumption by the attorney, or if the presumption was considered rebutted, the client might again be put into the anomalous position of having to show what confidences he entrusted to his attorney in order to prevent those confidences from being revealed. We conclude the presumption of disclosure is not susceptible of rebuttal by proof. Skokie Gold Standard Liquors v. Joseph E. Seagram & Sons, Inc., 72 Ill. Dec. 551, 560

The Illinois Rules of Professional Responsibility provides in pertinent part as follows: Rule 1.9 - Conflict of Interest:

Former Client (a) A lawyer who has formerly represented a client in a matter shall not thereafter:

(1) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client, unless the former client consents after disclosure; or

(2) use information relating to the representation to the disadvantage of the former client, unless;

(A) such use is permitted by Rule 1.6; or (B) the information has become generally known.

ISBA 86-6 states that a firm cannot consult one client and then represent their opposition, even when the consultation did not result in a retainer. In this case, Robbins-Schwartz met with Gregory Ditch regarding two UGP's filed against Naperville Community School District and the Defendants to this complaint. Gregory Ditch has been put at a significant disadvantage with Robbins-Schwartz defending the people they were contracted to investigate.

**Potential code of conduct violations:**

Rule 1.6 - Confidentiality of Information

(**d**) Information received by a lawyer participating in a meeting or proceeding with a trained intervener or panel of trained interveners of an approved lawyers' assistance program, or in an intermediary program approved by a circuit court in which nondisciplinary complaints against judges or lawyers can be referred, shall be considered information relating to the representation of a client for purposes of these Rules.

(**e**) A lawyer shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the representation of a client.

Rule 1.7 - Conflict of Interest: Current Clients

*[1] Loyalty and independent judgment are essential elements in the lawyer's relationship to a client. Concurrent conflicts of interest can arise from the lawyer's responsibilities to another*

*client, a former client or a third person or from the lawyer's own interests. For specific Rules regarding certain concurrent conflicts of interest, see Rule 1.8. For former client conflicts of interest, see Rule 1.9. For conflicts of interest involving prospective clients, see Rule 1.18. For a definition of "informed consent" see Rule 1.0(e).*